IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| STACEY WASHINGTON, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-17-3046 |
| | * |
| MONTGOMERY COUNTY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this employment discrimination suit brought under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and the Maryland Fair Employment Practices Act ("MFEPA"), Plaintiff Stacey Washington alleges that Defendant Montgomery County rescinded Plaintiff's employment offer because of her disability, and subjected her to "unlawful medical inquiries" regarding her disability. Montgomery County has moved to dismiss Plaintiff's Amended Complaint, or in the alternative for summary judgment. ECF No. 15. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Montgomery County's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Summary Judgment, ECF No. 15, is denied.

## I. BACKGROUND[1]

Plaintiff is a resident of Hyattsville, Maryland, who has a disability that is identified in her Amended Complaint.[2] ECF No. 13 ¶¶ 14, 23.[3] Up until 2014, Plaintiff worked as a school

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's sealed Amended Complaint, ECF No. 13, and are presumed to be true.
[2] Plaintiff filed the Amended Complaint under seal to keep the nature of her disability private; thus, the Court refers to the disability generally, and references the sealed Amended Complaint rather than disclosing the details of her disability in this publically-available Opinion.

1

bus operator in Prince George's County. *Id.* ¶ 25. On June 27, 2014, Plaintiff was offered the position of Bus Operator, Grade 15, by Montgomery County's Department of Transportation (the "Department"). *Id.* ¶ 24. The offer was contingent upon her completion of a Medical History Review Form and a physical examination. *Id.* ¶ 27. Plaintiff's disability was not listed as a disqualifying condition for driving a commercial motor vehicle under the Department's regulations. *Id.* ¶ 26.

The Montgomery County Office of Human Resources instructed Plaintiff to undergo an examination at its Occupational Medical Services ("OMS"). *Id.* ¶ 28. Plaintiff completed the required Medical History Review Form and submitted it to OMS at her first examination on July 11, 2014. *Id.* ¶ 29. The Form did not inquire about Plaintiff's disability, and she did not disclose the disability at that time. *Id.* ¶ 30. At that examination, Plaintiff gave blood and urine samples and was examined by Dr. Salvador Sylvester, who "held himself out as a doctor employed by Defendant's Office of Human Resources, Occupational Medical Services." *Id.* ¶¶ 31–32. Sylvester communicated to Plaintiff in writing on Montgomery County Office of Human Resources letterhead. *Id.* ¶ 33. During the first examination, Plaintiff's blood pressure was high and Sylvester asked her to consult with her primary care physician and return for a follow-up appointment on July 21, 2014. *Id.* ¶ 36. There, Sylvester told Plaintiff that she had "abnormal liver tests," and Plaintiff disclosed that she had a condition related to her disability that explained the abnormal tests (she did not at the time disclose her disability). *Id.* ¶¶ 38, 40. Sylvester requested additional information from Plaintiff, and in March 2015, reminded her that she needed to submit the information. *Id.* ¶¶ 41–42.

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Before Plaintiff's next appointment with Sylvester on April 16, 2015, Plaintiff provided Sylvester with letters from a specialist and her primary care doctor stating that she was "able to work without restrictions and did not pose a risk to others given her job description." *Id.* ¶ 43. Plaintiff alleges that at the April 16, 2015 appointment, Sylvester knew that Plaintiff's lab results were consistent with her disability and "raised questions to [Plaintiff] to confirm this diagnosis" even though it "did not impact her ability to drive a bus." *Id.* ¶ 46. Plaintiff finally disclosed her disability to Sylvester, who asked her "whether she had warned the phlebotomist who had just taken her blood to be 'extra careful,'" a comment that made Plaintiff "feel ashamed." *Id.* ¶¶ 47–49. After this, Sylvester requested additional information regarding Plaintiff's disability, including all doctor's notes from 2014 and 2015, her diagnosis and treatment, prognosis, medications, test results, and additional material. *Id.* ¶ 51. Sylvester did not advise her that the requested information would be kept confidential from Montgomery County management. *Id.* ¶ 57. Plaintiff did not respond to the request for additional information "because she was concerned that her individually identifiable health information would be disclosed to her prospective employer . . . ." *Id.* ¶ 58. On March 3, 2016, Montgomery County rescinded Plaintiff's offer of employment. *Id.* ¶ 63. Plaintiff alleges that Sylvester did not medically clear Plaintiff because of her disability. *Id.* ¶ 64.

On October 17, 2017, Plaintiff filed her initial Complaint against Montgomery County, ECF No. 1, which she subsequently amended on December 27, 2017, ECF No. 13. Both Complaints were filed under seal, in an apparent attempt to keep the nature of Plaintiff's disability and related condition confidential.[4] On January 10, 2018, Montgomery County filed a

---

[4] Pending before the Court are Motions to Seal both the initial and Amended Complaints. ECF No. 4, ECF No. 12. Montgomery County does not oppose these Motions, but reserves its rights to object to the sealing of future filings. ECF No. 16. While there is a common law "presumption of access" to "judicial records and documents," the presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access . . . ." *Va.*

Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Summary Judgment. ECF No. 15.[5] The County argues that Plaintiff has failed to plead that she was denied employment on the basis of her disability, and that Sylvester is an independent contractor and not an agent of the County. ECF No. 15-1 at 10–23. Attached to its Motion, the County includes Affidavits of County employees, ECF No. 15-2, ECF No. 15-4, an email between County employees discussing the rescission of Plaintiff's employment offer, ECF No. 15-5, and the contract between the County and Sylvester's employer, Medocracy, Inc., ECF No. 15-3.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

---

*Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). *See also Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Specifically, "sensitive medical or personal identification information may be sealed . . . ." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). Here, granting the motions to seal would not "effectively seal the entire case," *id.* at 476, as the public docket and this Opinion contain sufficient descriptions of the Plaintiff's claims and the Court's reasoning to satisfy the public's general right of access to judicial documents and decisions. The specific details of Plaintiff's disability and accompanying condition are "sensitive medical . . . information" to which the public does not have a right of access. Thus, ECF No. 4 and ECF No. 12 are both granted.
[5] Montgomery County had also filed a Motion to Dismiss, or in the Alternative, for Summary Judgment in response to Plaintiff's initial Complaint. ECF No. 9. Given the subsequent filing of Plaintiff's Amended Complaint, ECF No. 9 is denied as moot.

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendant's Motion is styled as a Motion to Dismiss or, Alternatively, for Summary Judgment. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a "Motion to Dismiss, or in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the

court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g., Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 286

(2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). "To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015).

### III. DISCUSSION

#### A. Procedural Posture

As an initial matter, the Court must determine which standard of review to apply to the County's Motion; if the Court determines that it is inappropriate to treat the County's Motion as a motion for summary judgment, the Court must determine which documents, if any, it may review in assessing the Motion to Dismiss. The County argues that even if the motion is analyzed as a motion to dismiss, the Court can still look to the Medocracy contract and dismiss Plaintiff's claims based upon that document (which purportedly shows that Sylvester was an independent contractor for whose actions the County cannot be held liable). On the other hand, Plaintiff argues that the issue of whether Sylvester is an employee of the County is "fact intensive and not appropriate on a motion to dismiss." ECF No. 18 at 2. Plaintiff further argues that it would not be appropriate at this point to consider the documents attached to the County's Motion as "Plaintiff has not had the opportunity to engage in discovery on the issues presented in Defendant's presented documents and affidavits." *Id.* at 7. In support, Plaintiff attaches a Rule 56(d) Declaration, stating that no discovery has occurred in this case; that discovery is necessary to determine whether Sylvester was an employee of the County; and, that Defendant needs

7

discovery to verify or disprove the representations contained in the affidavits of the County's employees. ECF No. 18 at 8–9.

The Court declines to treat the County's Motion as a Motion for Summary Judgment, as Plaintiff has identified in her attorney's Rule 56(d) Declaration a crucial factual dispute requiring discovery; whether, for purposes of Plaintiff's claims, Sylvester was an employee of the County, and whether any discriminatory conduct on his part should be imputed to the County. *See, e.g.*, *Schalk v. Associated Anesthesiology Practice*, 316 F. Supp. 2d 244, 249 (D. Md. 2004) (in ADA case, denying motion to dismiss where there existed a factual issue regarding whether plaintiff was properly considered an independent contractor). *See also Cilecek v. Inova Health System Services*, 115 F. 3d 256, 261 (4th Cir. 1997) (laying out factors to examine in determining whether an individual is an employee or independent contractor, beyond merely what the individual's contract states).

Next, the Court must determine whether it may properly consider any documents extrinsic to the Amended Complaint in assessing the Motion to Dismiss. Although, as a general rule, evidence extrinsic to the Complaint should not be considered at the Rule 12(b)(6) stage, the Fourth Circuit has held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir. 1998). In *American Chiropractic Association v. Trigon Healthcare, Inc.*, the Fourth Circuit reasoned that "[t]he rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice . . . and has relied upon these documents

in framing the complaint." 367 F.3d 212, 234 (4th Cir. 2004) (quotations omitted). If the complaint includes only a few quotes from a document and the plaintiff's claims "do not turn on, nor are they otherwise based on, statements contained" in the extrinsic document, then the document is not integral to the complaint. *Id.* Courts in this Circuit have reasoned that an integral document is one that by its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011).

The County argues that even if the Court considers its Motion as a 12(b)(6) motion, the Court should consider the Medocracy contract as "Plaintiff's Amended Complaint relies on the Contract to establish her claim against the County and it is integral thereto." ECF No. 19-1 at 6. Specifically, the County points to Plaintiff's allegations that Sylvester is liable for "participating in a contractual or other arrangement or relationship" with the County. *Id.* (quoting ECF No. 13 ¶¶ 75, 86). However, Plaintiff does not quote from the Medocracy contract, and there is no evidence that she was even aware of the existence of the contract prior to filing her Complaint. Indeed, Plaintiff also alleges that Sylvester represented that he was an employee of the County; one would assume that a County employee was in a "contractual or other arrangement" with the County. At no point in the Amended Complaint is there any indication that Plaintiff relied on the Medocracy contract, nor is it "integral" to the Amended Complaint. Thus, the Court does not consider the Medocracy contract or any extrinsic documents at this stage.

### B. Sufficiency of Plaintiff's Allegations

The Court next considers whether Plaintiff's Amended Complaint's allegations of disability discrimination survive the County's Motion to Dismiss. Plaintiff alleges both a

9

"Failure to Hire" claim (Count I), ECF No. 13 at 9, and an "Unlawful Medical Inquiry" claim (Count II), *id.* at 10.

Relevant to both claims, the County repeatedly makes the argument that Sylvester is an independent contractor, and that any misconduct on his part cannot be imputed to the County. *See, e.g.*, ECF No. 15-1 at 11–15; ECF No. 19-1 at 2–6. As discussed above, Plaintiff pleads that Sylvester, "held himself out as a doctor employed by Defendant's Office of Human Resources, Occupational Medical Services," ECF No. 13 ¶¶ 31–32, and communicated to Plaintiff in writing on Montgomery County Office of Human Resources letterhead. *Id.* ¶ 33. Thus, at the pleading stage, assuming all of the facts contained in the Amended Complaint to be true, the Court assumes that Sylvester was acting as an employee of the County, rather than as an independent contractor.

### i. Count I

Regarding Count I, Title I of the ADA bars discrimination against an individual on the basis of disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).[6] "[D]enying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability" may qualify as "discrimination against a qualified individual on the basis of disability." 42 U.S.C. § 12112(b)(5)(B).

Plaintiff has plausibly pleaded a violation of 42 U.S.C. § 12112(a). Plaintiff has alleged that she was not hired "because of" her disability. ECF No. 13 ¶¶ 61–64. Before Sylvester was aware of her disability, the County contacted Plaintiff to follow up regarding her medical

---

[6] While Plaintiff's claims are also brought under the Rehabilitation Act and the MFEPA, the same standards that apply to ADA claims apply to claims brought under those statutes. *See* 29 U.S.C. § 794(d); *Peninsula Reg'l Med. Ctr. v. Adkins*, 448 Md. 197, 219 (2016).

information; once Sylvester became aware of her disability, however, the County failed to follow up with her regarding her medical information, and sent her notice that her employment offer was being rescinded. *Id*. Plaintiff further alleges that the County hired other applicants who did not have the same disability to fill the position she was initially offered. *Id.* ¶ 73. Thus, Plaintiff has plausibly alleged that she was denied an employment opportunity because of her disability.

The County argues that Count I should be dismissed because Plaintiff does not allege "that the ultimate hiring decision, i.e. rescinding the conditional offer, was made by Defendant with a discriminatory motive." ECF No. 15-1 at 11. The County further argues that Plaintiff's Amended Complaint shows that there is a non-discriminatory "legitimate reason why clearance was not given - without explanation, she did not provide requested medical information." *Id.* at 13. However, it is inappropriate "within the context of a Rule 12(b)(6) motion" to consider the defendant's "proffered legitimate nondiscriminatory reason[] . . . ." *Bala v. Virginia Dep't of Conservation & Recreation*, 532 Fed. App'x 332, 335 (4th Cir. 2013). The County argues that, unlike in *Bala*, here the legitimate nondiscriminatory reason for rescinding Plaintiff's employment offer is stated in the Amended Complaint itself, not proffered by the County. ECF No. 19-1 at 10–11. This is only partially correct. While the Amended Complaint does acknowledge that Plaintiff failed to provide Sylvester with certain medical information, ECF No. 13 ¶ 58, there is no indication in the Amended Complaint that she was terminated because of that; in fact, Plaintiff indicates that, in the face of her missing information, the County treated her differently once Sylvester was aware of her disability, *id.* ¶ 61–62. Thus, in accordance with *Bala*, the Court does not consider the County's proffered legitimate nondiscriminatory reason for rescinding Plaintiff's employment offer at this stage, and concludes that Plaintiff has plausibly pleaded a violation of § 12112(a) in Count I.

### ii. Count II

Regarding Count II, 42 U.S.C. § 12112(d) prohibits employers from requiring certain medical inquiries of individuals with disabilities. Section 12112(d)(2)(A) provides that generally "[e]xcept as provided in paragraph (3), a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability." Paragraph (3) provides that:

> [a] covered entity may require a medical examination after an offer of employment has been made to a job applicant and prior to the commencement of the employment duties of such applicant, and may condition an offer of employment on the results of such examination, if--
> (A) all entering employees are subjected to such an examination regardless of disability;
> (B) information obtained regarding the medical condition or history of the applicant is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record . . . and
> (C) the results of such examination are used only in accordance with this subchapter.

Plaintiff has plausibly pleaded a violation of 42 U.S.C. § 12112(d). Federal regulations provide that an employer "may require a medical examination (and/or inquiry) after making an offer of employment to a job applicant" but that:

> if certain criteria are used to screen out an employee or employees with disabilities as a result of such an examination or inquiry, the exclusionary criteria must be job-related and consistent with business necessity, and performance of the essential job functions cannot be accomplished with reasonable accommodation as required in this part.

29 C.F.R. § 1630.14(b).[7]

Here, Plaintiff has alleged that Sylvester required her to submit additional requested medical information and further testing because he "knew that Ms. Washington's lab results" and condition were consistent with her disability and wanted to "confirm this diagnosis, which did not impact her ability to drive a bus" and thus was not to be used "in accordance with" the ADA.

---

[7] The parties agree that the County must comply with § 1630.14. *See* ECF No. 18 at 6, ECF No. 19-1 at 12–13.

ECF No. 13 ¶¶ 41, 46. Rather than clear Plaintiff for work, once Sylvester became aware of Plaintiff's disability, he continued to seek "additional medical information related to her [disability], including all doctor's notes from 2014 and 2015, diagnosis, treatment, prognosis, follow up plan, medications, test results, and work restrictions." *Id.* ¶ 51. Sylvester requested this information even though he "already had notes from Ms. Washington's physicians that she was able to work without restrictions and that her condition did not pose a risk to others given her job description." *Id.* ¶ 83. Thus, Plaintiff has plausibly alleged that the County made "inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability" without subjecting "all entering employees . . . to such an examination regardless of disability." Assuming all facts to be true, Plaintiff has also plausibly alleged that Sylvester impermissibly used an "exclusionary criteria"—Plaintiff's disability—which was not "job-related and consistent with business necessity . . . ." Plaintiff has pleaded that Sylvester withheld Plaintiff's medical clearance solely because of her disability, and that her disability did not impact her ability to drive a school bus. *See* ECF No. 13 at 26, 39, 43, 64. Thus, Plaintiff has plausibly alleged violations of the ADA and 29 C.F.R. § 1630.14(b).

**IV.     CONCLUSION**

For the foregoing reasons, the County's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Summary Judgment, ECF No. 15, construed as a Motion to Dismiss, is denied.[8] A separate Order shall issue.

Date: July   26, 2018  　　　　　　　　　　　　　　　　/s/＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[8] As discussed above, ECF Nos. 4 and 12 are granted, and ECF No. 9 is denied as moot. *See supra* n.4, n.5.